UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER E. DIVIDOCK,

        Plaintiff,

vs.

Case No. 12-CV-13795

HON. GEORGE CARAM STEEH

CLRS, INC., a Michigan
corporation, LYNN M. BRIMER
and ANGELA GUENTHER,

        Defendants.

_____/

<u>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND TO STRIKE
DOCUMENTS FILED BY THE PLAINTIFF AND TO ENJOIN PLAINTIFF FROM FILING
FURTHER LITIGATION AGAINST THE DEFENDANTS (DOC. # 10) AND DISMISSING
ORDER TO SHOW CAUSE (DOC. # 3)</u>

Plaintiff filed a *pro se* complaint against defendants CLRS, Inc. ("CLRS"), Lynn Brimer, and Angela Guenther in August 2012, apparently stemming from her employment with CLRS.  The single-spaced complaint is hard to understand, setting forth a huge variety of grievances plaintiff has with CLRS, its alleged owner, and his family, among others, in a rambling and train-of-thought manner.  Summonses were not issued and there is no indication that service was effected in accordance with Fed. R. Civ. P. 4(m).  On January 22, 2013, this court ordered plaintiff to show cause why this case should not be dismissed for failure to prosecute.  On February 5, 2013, plaintiff responded that "three copies of all document summonses, Complaint, Premier Brief and binder evidences served upon all Defendants arrived and were signed upon delivery at CLRS, Inc. on October 1, 2012." (Doc. # 4 at 1.)  However, plaintiff did not address the

fact that she never obtained summonses issued by the clerk of the court for service on defendants.  Defendants filed a reply to plaintiff's response brief emphasizing the failure to comply with basic requirements of service, along with additional shortcomings in the plaintiff's pleadings.

While the order to show cause was still pending, defendants filed a motion to dismiss and to strike documents filed by the plaintiff and to enjoin plaintiff from filing further litigation against the defendants (Doc. # 10).[1]  Defendants again emphasize that plaintiff never obtained summonses for service on any of the defendants.  Furthermore, defendants assert that the complaint fails to meet with pleading requirements under Fed. R. Civ. P. 8(a) and (d)(1), as well as Fed. R. Civ. P. 10(a) and (b).  Defendants also assert that the allegations and other language in plaintiff's complaint and other documents filed in this matter contain "immaterial, impertinent and scandalous matter and are insulting and abusive towards the Defendants..." and are subject to being stricken under Fed. R. Civ. P. 12(f).

Plaintiff has responded to the motion in the same rambling and unclear style of all of the documents she has filed in this matter to date.  By way of example, she asserts that defendant Brimer "attempts to manipulate this Honorable Court in a manner requesting to 'strike documents...against the Defendants' wherein Counsel has knowingly made multiple fraudulent claims to the EEOC, IRS, State of Michigan, SSA, USDoJ, multiple other agents regarding her family's corporate Bankruptcy claims, profit, investment and employment payment schemes–particularly to enjoin detrimental

---

[1] The court hereby orders that the motion is submitted on the briefs, without oral argument, in accordance with E.D. Mich. LR 7.1(e)(2).

employment action and discrimination that has been historically portrayed against this Plaintiff." (Doc. #11 at 1.) In that document, plaintiff also requests that the court "advocate a Presidential pardon to each of the Plaintiff's previous employment cases." (Id. at 2.)

This matter is subject to dismissal on the basis that summonses were not issued or served in compliance with the Federal Rules of Civil Procedure, as well as for the reason that plaintiff's complaint fails to meet the pleading requirements enumerated by defendants; i.e. Fed. R. Civ. P. 8(a) and (d)(1) and 10(a) and (b). Accordingly, the court hereby **GRANTS** defendants' motion to dismiss, and plaintiff's complaint is hereby **DISMISSED** without prejudice. The court also **GRANTS** defendants' motion to strike as to each of the documents filed by plaintiff in this matter, finding each of those documents, or a large portion thereof, immaterial or impertinent under Fed. R. Civ. P. 12(f).

Furthermore, as defendants assert, plaintiff has a history of filing such actions in the Eastern District of Michigan. See Dividock v. OfficeMax North America et al., #07-CV-10804, and Dividock v. Jon Jay Associates Inc., et al., #07-CV-10891 (both dismissed). Plaintiff's complaints in each of the three cases on record include a laundry list of grievances, leveled at named defendants and additional individuals and entities, and do not come close to complying with pleading requirements. Moreover, the majority of plaintiff's filings contain fantastic accusations and allegations which do not relate to former filings. It is not the court's role to sort through a complaint–or any filing–to discern discrete allegations or arguments for a plaintiff. Plaintiff will not be permitted to burden this court and defendants with extraneous and immaterial filings and purported

discovery material.  The court finds this filing vexatious for the reasons explained above and warns plaintiff that such pleadings in the future may result in an order requiring her to first seek permission from the presiding judge[2] prior to filing complaints in the United States District Court for the Eastern District of Michigan.

Finally, the court hereby **DISMISSES** its Order to Show Cause as moot.

**IT IS SO ORDERED**.

Dated:  May 3, 2013

           s/George Caram Steeh
           GEORGE CARAM STEEH
           UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 3, 2013, by electronic and/or ordinary mail and also on Jennifer Dividock, 42731 Lilley Pointe Drive, Canton, MI 48187.

s/Barbara Radke
Deputy Clerk

---

[2]The district judges rotate acting as the presiding judge and are usually designated for one-week periods.  The name of the presiding judge is not disclosed before Monday at 8:30 a.m. and can be obtained by contacting the Clerk's office.  See E.D. Mich. LR 77.2.